UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
SHARON L. CROSS,

                              Plaintiff,

        v.                                              Civ. Action No.
                                                        3:09-CV-1293 (TJM/DEP)


JOHN E. POTTER, UNITED STATES
POSTMASTER GENERAL OF
THE UNITED STATES POST OFFICE,
and AMERICAN POSTAL WORKERS
UNION, A.F.L.-C.I.O.  WILLIAM BURRUS,
PRESIDENT,

                              Defendants.
-----------------------------------------------------------
APPEARANCES:

SHARON L. CROSS
47 BEAVER STREET
COOPERSTOWN, NEW YORK 13326
*Pro Se* Plaintiff

THOMAS J. McAVOY, SENIOR U.S. DISTRICT JUDGE

<u>DECISION and ORDER</u>

        Plaintiff Sharon L. Cross, a former employee of the United States Postal Service

("USPS") originally filed this *pro se* civil action, along with an application for leave to

proceed *in forma pauperis*, on November 18, 2009, (Dkt. Nos. 1 and 2), alleging claims

relating to her termination from employment.  *See generally* Complaint (Dkt. No. 1).  By

Decision and Order dated March 8, 2010, the Court granted Plaintiff permission to

proceed *in forma pauperis* and dismissed Plaintiff's Complaint with leave to file an

amended complaint within thirty days.  Plaintiff timely filed an Amended Complaint, (Dkt.

No. 9), which is now before the Court to determine its compliance with the terms of the

1

Court's previous Decision and Order.[1]

Plaintiff's Amended Complaint includes the same claims alleged in her original filing.  While the Amended Complaint is significantly longer than the previous pleading, growing from five pages to twenty-nine, unfortunately it remains sparse in factual detail; instead, Plaintiff's Amended Complaint now includes legal conclusions, citation to law, and is repetitive and often difficult to decipher.  In her Amended Complaint, Plaintiff asserts that she was discharged without just cause, in violation of the applicable collective bargaining agreement covering the terms of her employment, and that she did not receive adequate representation from the American Postal Workers Union, A.F.L.-C.I.O. (the "Union") in connection with that determination.  Plaintiff's Amended Complaint alleges claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, for discrimination based upon her age and gender, and retaliatory discharge, apparently in retaliation for her complaints of discrimination.  Additionally, Plaintiff alleges claims for deprivation of a property or liberty interest without procedural due process, violation of her right to privacy apparently based upon disclosure of her medical and criminal records, the intentional infliction of emotional distress, and defamation.

## I.   Applicable Legal Standard

In reviewing the complaint of a *pro se* plaintiff proceeding *in forma pauperis* for facial sufficiency, courts apply the same standards as would apply on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), accepting as true all material facts alleged in the complaint and construing all reasonable inferences in the plaintiff's favor.  *Cisnevas-Garcia v.*

---

[1]   The Court granted two separate requests by Plaintiff for an extension of time to file an amended complaint, extending Plaintiff's time to do so to May 26, 2010.  (*See* Dkt. Nos. 6, 8 and 9)

*Shipman*, No. 9:10-CV-179, 2010 WL 3491359, at * 1 (N.D.N.Y. Aug. 31, 2010) (Scullin,

S.J.) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (citation omitted).[2]  A court

should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127

S. Ct. 1955, 1974 (2007).  It is also the well-established law of this Circuit that *sua sponte*

dismissal of a *pro se* complaint prior to service of process on a defendant is strongly

disfavored.  *Cameron v. Fogarty*, 705 F.2d 676, 678 (2d Cir.1983); *Bayron v. Trudeau*,

702 F.2d 43, 45 (2d Cir.1983).  However, while the special leniency afforded to *pro se* civil

rights litigants somewhat loosens the procedural rules governing the form of pleadings,

*Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008), it does not

completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards in Fed. R.

Civ. P. 8, 10, and 12, *see Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972), *cert.*

*denied*, 411 U.S. 935, 93 S. Ct. 1911 (1973) (extra liberal pleading standard set forth in

*Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972), did not save *pro se* complaint from

dismissal for failing to comply with Fed. R. Civ. P. 8).  Succinctly stated, when a plaintiff is

proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*

*v. Onondaga County,* 549 F. Supp. 2d 204, 214, n.28 (N.D.N.Y. 2008) (citations omitted).

## II.   Title VII

Upon review of Plaintiff's Title VII cause of action in her Amended Complaint, it

---

[2]        Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct.1955, 1964-65 (2007)).

appears that at this juncture Plaintiff has overcome the deficiencies that resulted in dismissal of her original complaint.  Plaintiff alleges that she was discriminated against on the basis of her age and gender and that she suffered retaliation as a result of her complaints regarding such discrimination, thus sufficiently alleging the basis for both her discrimination and retaliation claims.  Plaintiff has also addressed the issues of exhaustion of administrative remedies and timeliness as to her to Title VII claim.

A judicial remedy for federal employment discrimination is created under section 717 of Title VII, 42 U.S.C. § 2000e-16; *see Brown v. General Serv. Admin.,* 425 U.S. 820, 829, 96 S. Ct. 1961, 1966 (1976).  Section 717(c) provides that a federal employee aggrieved by employment discrimination may commence a civil action in the district court only after he or she has first filed a claim of discrimination with his or her department or agency and either (1) the department or agency has taken final action on the claim, or (2) if no final action has been taken, 180 days have elapsed from the filing of the claim. *Stewart v. United States I.N.S.,* 762 F.2d 193, 197 (2d Cir. 1985) (citing 42 U.S.C. § 2000e-16(c)).  "These statutory remedies are jurisdictional in nature."  *Coffey*, 939 F. Supp. at 190 (citing *Stewart*).

Plaintiff seems to allege that she filed or attempted to file a claim with the Office of Federal Operations and that her administrative complaint is currently on appeal from a dismissal as untimely.  Amended Complaint (Dkt. No. 9) ¶¶ 54, 57.  Additionally, to the extent that Plaintiff's administrative claim may have been untimely, Plaintiff alleges facts that may support equitable tolling of the applicable limitations period, suggesting that

4

defendants' conduct prevented her from filing a timely claim.[3]

Construing the Plaintiff's Amended Complaint liberally, as the Court must at this juncture, the Court finds Plaintiff's allegations sufficient to state a plausible Title VII claim.

## III.   *Bivens* Claims

Plaintiff's third cause of action alleges deprivation of her right to procedural due process in connection with the termination of her employment with the USPS.  Although not specifically identified as such, this claim presumably is asserted under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999 (1971), in which the Supreme Court of the United States recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights.  *See Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 66-67, 122 S. Ct. 515, 519 (2001) (discussing the origin of *Bivens* claims).  The Court previously dismissed this claim on the basis of sovereign immunity because the only individual defendant Plaintiff named in her Complaint was the United States Postal Master General John E. Potter, in his official capacity, which is akin to suing the United States.  *Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S. Ct. 3099, 3105 (1985); *see also Coffey v. U.S.,* 939 F. Supp. 185, 190 (E.D.N.Y. 1996) (citing *Contemporary Mission, Inc. v. U.S. Postal Service,* 648 F.2d 97,

---

[3]      The Second Circuit has recognized that the time limits established by Title VII are "subject to waiver, estoppel, and equitable tolling." *Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir.1998) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127(1982)).  Equitable tolling is a doctrine applied in "'rare and exceptional circumstances,' where [the court finds] that 'extraordinary circumstances' prevented a party from timely performing a required act and that p arty 'acted with reasonable diligence throughout the period he [sought] to toll.'" *Czernicki v. U.S. Dep't of Justice*, 137 Fed. App'x 409, 410-11, 2005 WL 1498456, at *1 (2d Cir. 2005) (citing and quoting *Doe v. Menefee*, 391 F.3d 147, 159-60 (2d Cir. 2004). The doctrine may be applied where a statute of limitations has passed due to "'defective pleading'" or the defendant's "'misconduct'" in preventing the plaintiff from bringing his claim or learning of the cause of action.  *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 489 U.S. 89, 96, 111 S. Ct. 453 (1990)).

104-05 n. 9 (2d Cir. 1981) (the district court correctly determined that it lacked subject matter jurisdiction over the constitutional claims against the United States Postal Service because the waiver set forth in 28 U.S.C. § 1346(b) is limited to tort suits predicated upon state law).  In her Amended Complaint, Plaintiff indicates an intention to sue John E. Potter in both his individual and official capacities and also identifies "John Doe" as a defendant.  A generous reading of her pleading implies that by identifying John Doe as a defendant Plaintiff may be seeking to hold the arbitrator apparently responsible for her termination from employment hearing liable for the alleged violation of her right to due process.  Keeping in mind the "jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities", *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), the Court finds that Plaintiff has, therefore, alleged sufficient facts to avoid dismissal of this claim at this early juncture.

Plaintiff's fourth cause of action alleges that her right to privacy has been violated because the agency disseminated records containing private information, including medical records and criminal records that should have been expunged from her personnel records.  "The Second Circuit has held that there is a constitutional right to privacy in personal information, including medical information." *National Association of Letter Carriers, AFL-CIO v. United Postal Service*, 604 F. Supp. 2d 665, 673 (S.D.N.Y. 2009) (citing *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994)).  That right, however, is not absolute but must be balanced against any governmental interest, which, if substantial, can outweigh an individual's privacy rights.  *Id.* (quoting *Grosso v. Town of Clarkstown*, No. 94 Civ. 7722(JGK), 1998 WL 566814, at *6 (S.D.N.Y. Sept. 3, 1998)).  At

this juncture, however, it appears that Plaintiff has alleged enough to at least raise the

specter of a plausible claim for violation of her right to privacy.

## IV.    Federal Tort Claims

Turning to Plaintiff's tort claims, a review of Plaintiff's Amended Complaint reveals

that she has failed to rectify the fatal deficiencies that previously resulted in dismissal of

these claims.  As Plaintiff was already instructed, the Federal Tort Claims Act ("FTCA"), 28

U.S.C. § 2671, *et seq.,* is the exclusive remedy for non-constitutional tort claims brought

for wrongful acts or omissions of a United States government employee committed while

in the scope of employment.  *Williams v. Metro. Det. Ctr.,* 418 F.Supp.2d 96, 102

(E.D.N.Y. 2005).  "Prior to bringing an action, the FTCA requires that a claimant file an

administrative claim with the appropriate federal agency and that the claim be denied."  *Id.*

(citing 28 U.S.C. § 2675(a)).  "This requirement is jurisdictional and cannot be waived."  *Id.*

(citing *Keene Corp. v. U.S.,* 700 F.2d 836, 841 (2d Cir. 1983)).

Plaintiff's tort claims alleging infliction of emotional distress, defamation, and

negligence appear to be asserted under FTCA.  Plaintiff's Amended Complaint alleges no

facts suggesting that she has exhausted her administrative remedies under the FTCA with

regard to those claims and they are, therefore, subject to dismissal.

## V.    CONCLUSION

Courts must construe *pro se* pleadings broadly, and interpret them "to raise the

strongest arguments that they suggest."  *Graham v. Henderson*, 89 F.3d 75, 79 (2d

Cir.1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)) (internal quotation

marks omitted).  According the Plaintiff the deference to which she is entitled as a *pro se*

7

litigant, the Court has determined that her Amended Complaint sufficiently alleges plausible claims under Title VII and for violation of her rights to privacy and procedural due process in connection with her termination from employment.  It may be that at a later stage it will develop that Plaintiff can prove no set of facts in support of these claims which would entitle her to relief.  Where, as here, however, a *pro se* litigant's complaint alleges claims which are arguably cognizable, it is better to require service of process upon defendants and to require a response than to dismiss the complaint *sua sponte*.  *Robles v. Coughlin*, 725 F.2d 12, 16 (2d Cir. 1983) (citing *Bayron v. Trudeau*, 702 F.2d 43, 46 (2d Cir. 1983)).  Having previously determined that Plaintiff sufficiently stated a "hybrid claim", presumably under the Post Reorganization Act, 39 U.S.C. § 1208(b), Plaintiff will be permitted to proceed on this claim as well as her claims alleged under Title VII and her *Bivens* claims for violation of her constitutional rights to due process and privacy, but her federal tort claims will be dismissed.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's tort claims shall be dismissed; and it is further

ORDERED, that the Clerk shall complete a waiver of service of process form for Defendant John E. Potter, Postmaster General, and provide it to the United States Marshal, along with packets containing General Order 25, which sets forth this District's Civil Case Management Plan, and the Marshal shall serve the form, together with General Order 25 and the Amended Complaint, on that Defendant.  The Clerk shall also issue a summons and forward it, along with copies of General Order 25 and the Amended Complaint, to the United States Marshal, for service on the United States Attorney for the Northern District of New York ("U.S. Attorney's Office"), and the Attorney General of the

United States in Washington, D.C.  The Clerk shall also forward a copy of this Order to the U.S. Attorney's Office; and it is further

ORDERED that, in addition to the foregoing, the Clerk shall send a copy of the summons, General Order 25, and the Amended Complaint by registered or certified mail to the United States Postal Service; and it is further

ORDERED, the Clerk of the Court shall issue summonses and forward them to United States Marshal, along with packets containing General Order 25, for service upon the American Postal Workers Union, A.F.L.-C.I.O. and William Burrus; and it is further

ORDERED, that subsequent to service of process on Defendants, Defendants or their counsel shall file a formal response to Plaintiff's Amended Complaint as provided for in the Federal Rules of Civil Procedure; and it is further

ORDERED, that all pleadings, motions or other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of same was mailed to all opposing parties or their counsel.  Any letter or other document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing. Plaintiff is also required to promptly notify the Clerk's Office and counsel for the Defendants of any change in her address; her failure to do same will result in the dismissal of the instant action.**  Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this

action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in

filing motions; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order together with a

copy of General Order 25 on Plaintiff by regular mail.


Dated:          September 18, 2010
                Binghamton, New York




Thomas J. McAvoy
Senior, U.S. District Judge