IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SHARON L. CROSS,

        Plaintiff,

    v.

PATRICK R. DONAHOE, in his official capacity
as Postmaster General of the United States
Postal Service; JOHN E. POTTER, in his
individual capacity; and JOHN DOE,[1]

        Defendants.

Civ. Action No.
3:09-CV-1293 (TJM/DEP)

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

SHARON CROSS, *Pro Se*
47 Beaver Street
Cooperstown, New York 13326

FOR DEFENDANTS:

HON. RICHARD S. HARTUNIAN        WILLIAM F. LARKIN, ESQ.
United States Attorney               Assistant U.S. Attorney
Post Office Box 7198
100 South Clinton Street
Syracuse, New York, 13261-7198

---

      [1] On December 6, 2010, Patrick R. Donahoe succeeded John E. Potter as the United States Postmaster General. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Donahoe's substitution as a defendant, in the place of John E. Potter, in his official capacity, is automatic. Because plaintiff's amended complaint named defendant Potter both individually and in his official capacity, however, he remains a defendant in this action, although solely in his individual capacity.

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

This action, which has been pending for nearly three years, was commenced by *pro se* plaintiff Sharon L. Cross to challenge the termination of her employment with the United States Postal Service ("USPS") in June 2009. Although initially broader, her suit has been narrowed in scope through motion practice, and now includes claims by plaintiff alleging violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e *et seq.,* a deprivation of procedural due process, and a violation of her right to privacy. As relief, Cross seeks reinstatement to her former employment position, as well as damages in the amount of $100 million.

Currently pending before the court is plaintiff's motion seeking an order compelling discovery. For the reasons set forth below that motion is granted, in part, but otherwise denied.

I.  BACKGROUND

Plaintiff was employed with the USPS from 1999 until 2009. On December 14, 2007, she was charged in this court, by the filing of a two-count criminal information, with submitting false medical documentation to

the USPS, in violation of 18 U.S.C. § 1018. *See United States v. Cross*, No. 07-CR-563, Dkt. No. 7. The filing of that information was followed, on January 14, 2008, by the issuance of a notice from the USPS to plaintiff advising her that her employment would be terminated, effective February 23, 2008, based upon the same facts underlying the criminal charges against her.

On December 4, 2008, following a jury trial, the plaintiff was acquitted of the criminal charges against her. *See United States v. Cross,* 07-CR-563, Dkt. Nos. 49, 50. Despite that acquittal, the USPS continued in its efforts to terminate plaintiff's employment. Those efforts culminated in the termination of plaintiff's employment in or about June 2009, following the completion of grievance proceedings initiated by the plaintiff's union.

## II. <u>PROCEDURAL HISTORY</u>

Plaintiff commenced this action on November 18, 2009. Over the course of its three-year ensuing lifetime, the case has had a tortured procedural history that has included, among other things, five interlocutory appeals by plaintiff to the United States Court of Appeals for the Second Circuit. Dkt. Nos. 22, 41, 96, 115, 128. Of those, four have been

dismissed for lack of jurisdiction, and the fifth remains pending.  Dkt. Nos. 52, 113.

While both plaintiff's original and amended complaints contained a broader array of claims and named as defendants not only John E. Potter, both individually and in his official capacity as the USPS Postmaster, but additionally the American Postal Workers Union, A.F.L.-C.I.O, and its president, William Burrus, as well as a John Doe defendant, her claims have been winnowed through the issuance of three decisions by Senior District Judge Thomas J. McAvoy.  Dkt. Nos. 10, 31, 95.  This action now centers upon plaintiff's wrongful termination claim, in violation of her civil rights, against the remaining defendants.

On March 7, 2012, as later supplemented on March 12, 2012, plaintiff moved for an order compelling the defendants to respond to discovery demands served by her, including interrogatories, requests for the production of documents ("RFPs"), and requests for admissions ("RFAs").  Dkt. Nos. 92, 94.  Following a hearing conducted to address those motions, I issued an order, dated April 5, 2012, in which I directed the remaining defendants to provide responses, under oath, to four of plaintiff's third set of interrogatories, but otherwise denied the motion,

without prejudice to plaintiff's right to serve an additional twenty-one interrogatories upon defendant Potter, on or before April 30, 2012. Dkt. No. 106.

On August 31, 2012, plaintiff moved seeking an order compelling defendants to provide responses to her earlier interrogatories, pursuant to the court's order dated April 5, 2012, as well as to the twenty-one additional interrogatories served on defendant Potter, with the court's permission. Dkt. No. 134. Defendants have since responded in opposition to that motion, laying out for the court the discovery that has been provided to the plaintiff throughout this case, and asserting their belief that they have fully complied with the court's prior order. Dkt. No. 135.

Upon its filing, plaintiff's motion was scheduled for argument on October 5, 2012, in Binghamton, New York. Text Notice dated Aug. 31, 2012. On October 1, 2012, however, the court received a communication from the plaintiff stating that she "has been stricken with a virus and severe flare up of various health conditions, which has [sic] seriously disabled her requiring bed rest to recover." Dkt. No. 136 at ¶ 3. Plaintiff therefore requested "an extension and an enlargement of time to recover

from sickness, research the law, investigate, and respond accordingly, to the defendants with regarding [sic] her demands for discovery."[2] *Id.* at ¶ 6. By text order issued on October 2, 2012, the requests for adjournment of the scheduled hearing and an extension of time to reply were denied in light of the age of the case, and instead, in my discretion, I ordered that the motion be taken on submission.[3]

---

[2] It should be noted that, under this court's local rules, absent court permission, there is no right of reply in connection with a non-dispositive motion. N.D.N.Y.L.R. 7.1(b)(2). The court has previously admonished plaintiff for failing to comply with this rule. *See* Text Order dated Jan. 5, 2012. Plaintiff is warned that her failure to comply with this rule at any time in the future will result in the court striking her reply with no recourse.

[3] Despite the claimed need for bed rest to overcome her illness, on October 5, 2012, plaintiff was apparently able to travel by car from her home in Cooperstown, New York, to Utica, New York, where, according to the court staff, she personally appeared to file an appeal from the ruling taking her motion on submit without oral argument. I note, parenthetically, that plaintiff's request for additional time due to illness is but the latest in a series of similar requests that the court has received throughout the pendency of this action. *See, e.g.,* Dkt. No. 5 (communication dated March 24, 2010, requesting an extension of time to file an amended complaint on the basis of illness and the need to conduct research); Dkt. No. 7 (communication dated April 23, 2010, requesting a sixty-day extension of time to file an amended complaint due to illness and the need to conduct research); Dkt. No. 38 (communication dated January 6, 2011, requesting an extension of time to comply with the court's scheduling order due to disabling medical conditions); Dkt. No. 40 (communication dated January 19, 2011, requesting an adjournment of a scheduled pretrial conference stating, "I have been experiencing severe disabling medical conditions, including chronic pain, and now have influenza flu virus which has caused me to be very ill."); Dkt. No. 53 (communication dated May 17, 2011, requesting a stay of the action based upon alleged vision problems, as well as other "severe disabling medical conditions, including chronic pain."); Dkt. No. 65 (communication dated August 29, 2011, requesting a ninety-day extension of time to serve initial written demands in the case based upon the fact that plaintiff "suffers from various health conditions which seriously slows her ability in litigating [sic] in this case. . . ."); Dkt. No. 91 (communication dated February 28, 2012, requesting enlargement of times to

III. DISCUSSION

    A. Standard Governing Discovery

Absent a court order expanding discovery to encompass any matter relevant to the subjects raised in the litigation, the scope of discovery in a civil action is governed by Rule 26(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" Fed. R. Civ. P. 26(b)(1). Under this provision

---

designate experts, stating that, among other things, she "suffers from various medical conditions, including arthritis, vision problems, which prevents [sic] or hinders [sic] her efforts in this case"); and Dkt. No. 110 (communication dated April 13, 2012, requesting an enlargement of thirty days to file an amended complaint as permitted by the court based upon the fact that plaintiff "has been ill and suffers from various health conditions an extensionslows [sic] her ability litigating this case . . . .").

    A similar pattern has emerged in a separate action brought by the plaintiff's husband in this court. *See Cross v. State Farm Ins. Co.,* No. 3:10-CV-1179, Dkt. No. 40 (communication dated July 14, 2011, requesting adjournment of a scheduled pretrial conference due to illness); Dkt. No. 49 (communication dated August 10, 2011, requesting an extension of time to respond to a motion by defendant due to injuries resulting from an accident); Dkt. No. 56 (communication dated September 23, 2011, seeking an adjournment based upon plaintiff's accident injuries); Dkt. No. 67 (communication dated November 1, 2011, requesting an extension of time due to illness); Dkt No. 72 (communication dated February 28, 2012, requesting an extension of time due to illness and the need to conduct research); Dkt. No. 86 (communication dated May 29, 2012, seeking a sixty-day enlargement of the time to move to compel discovery based upon plaintiff's injuries); Dkt. No. 103 (communication dated July 30, 2012, requesting an extension of time to move to compel discovery based upon plaintiff's injuries); and Dkt. No. 114 (communication dated September 6, 2012, objecting to the rescheduling of a motion before Senior District Judge Thomas J. McAvoy and requesting a continuance based upon illness).

the bounds of permissible discovery in a civil action are generally regarded as expansive, although they are not without limits. *Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004); *Innomed Labs, LLC v. Alza Corp.*, No. 01 CIV. 8095, 2002 WL 31012165, at *1 (S.D.N.Y. Sept. 6, 2002).

Despite the generous breadth of discovery permitted under Rule 26(b)(1), the rules recognize certain specific, potentially overriding considerations that can effectively circumscribe the required production of otherwise relevant discovery. For example, a court is authorized to restrict discovery sought by a party if the information requested, though otherwise discoverable, "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *see also Jones v. McMahon*, No. 5:98-CV-0374, 2007 WL 2027910, at *15-16 (N.D.N.Y. July 11, 2010) (Lowe, M.J.); Fed. R. Civ. P. 26(b)(2)(B) (setting forth a comparable limitation relating to electronically stored information). In addition, Rule 26 establishes a rule of proportionality that permits a court to limit discovery upon a determination that

> the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii).

Finally, it should also be noted that Rule 26 empowers a court to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c); *see Saylavee LLC v. Hockler*, No. 3:04-CV-1344, 2005 WL 1398653, at *1-2 (D. Conn. June 14, 2005). Ordinarily, a party seeking a protective order bears the burden of establishing a basis for the entry of such an order. *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992). "In determining whether a discovery request is burdensome the court must weigh the burden to the producing party against the need of the party seeking the information." *Cook v. United States*, 109 F.R.D. 81, 85 (E.D.N.Y. 1985).

B. Analysis of Plaintiff's Motion

Before turning to the specifics of plaintiff's latest motion to compel discovery, for contextual purposes, it is important to note what discovery has been provided to her by defendants. According to defendants' motion

9

opposition papers, they have provided her with a great deal of potentially relevant information and materials.  More specifically, defendants have disclosed to plaintiff the following five categories of information.  First, on October 28, 2011, defendants provided plaintiff with four volumes of documents comprised of the report of an investigation into plaintiff's EEO complaint, her USPS Family and Medical Leave Act ("FMLA") records, and additional materials related to Cross provided by the USPS Labor Relations Department.  Second, on November 17, 2011, defendants provided plaintiff a copy of her official USPS personnel file. Third, on November 30, 2011, defendants responded to plaintiff's discovery demands dated October 26, 2011.  Fourth, on November 19, 2007, defendants provided plaintiff with a copy of the report of an investigation conducted by the USPS Office of Inspector General pertaining her, as well as a copy of the criminal complaint filed against her.  Fifth, on March 5, 2012, defendants provided plaintiff with responses to her interrogatories, RFPs and RFAs, dated February 17, 2012, as well as her RFPs dated February 6, 2012.  Following the issuance of the court's order dated April 5, 2012, defendants provided additional materials to plaintiff, including (1) supplemental responses to interrogatories as ordered by the court, sent

on May 2, 2012; (2) responses to plaintiff's RFAs and RFPs, dated April 20, 2012, sent on May 18, 2012; and (3) responses to plaintiff's resubmitted third set of interrogatories, sent on May 21, 2012.

Despite having been provided all of this discovery, plaintiff argues that defendants have failed to comply with the court's order dated April 5, 2012. As discussed above, that order required defendants to provide responses to plaintiff's interrogatories numbered 1, 2, 3, and 12. Interrogatory number 1 requests information concerning the decision to terminate Cross' employment and the roles played by the various USPS personnel involved in that decision. Defendants' response, which details the sequence of events leading up to plaintiff's termination, including the reasons for that termination, is fairly comprehensive and complete, with one exception. Specifically, the response states that the decision to remove plaintiff from her employment was made "by officials of the U.S. Postal Service." While the defendants also identify the person who issued the notice of removal to the plaintiff, a second individual who concurred in the decision, and a third who drafted the notice of removal, it does not clearly and unequivocally state that those are the only three USPS employees who participated in the decision-making process. For this

11

reason, defendants are directed to provide a further supplemental response either stating that those three individuals are the only USPS employees who participated in the decision-making process leading up to plaintiff's termination, or, alternatively, identifying those others who also played a role in making that decision.

Interrogatory number 2 requests information concerning any meetings conducted to address plaintiff's termination. Based upon my review of the defendants' supplemental response to this question, I find that it is adequate. Similarly, with respect to interrogatory number 3, which requests information regarding plaintiff's performance evaluation and disciplinary actions taken against her, I find that the defendants' response is proper. Interrogatory number 12 seeks information concerning any investigation conducted into plaintiff's employment and/or termination from that employment. Once again, the supplemental response provided by the defendants to this inquiry is sufficient.

Finally, liberally construed, plaintiff's motion argues that defendants' responses to plaintiff's additional interrogatories (permitted by the court's order dated April 5, 2012,) are insufficient. After reviewing these additional interrogatories (Dkt. No. 134, Attach. 1 at 33-40; Dkt. No. 135,

Attach. 1 at 21-28), I decline to enforce them. Several of the most recent interrogatories are duplicative of interrogatories already reviewed by the court.[4] The remaining questions are either vague, ambiguous, argumentative, or premature[5] and/or call for conclusions of law, or are subject to the rule of proportionality set out in Rule 26(b)(2)(C)(iii).[6]

---

[4] For example, interrogatories numbered 1-8, 11-12, and 16 in plaintiff's most recent set of interrogatories (Dkt. No. 134, Attach. 1 at 33-40; Dkt. No. 135, Attach. 1 at 21-28) are identical to, or make the same demand as, plaintiff's interrogatories numbered 6, 7, 8, 9, 10, 17, 15, 13, 19, 4, and 11, respectively, which were previously considered, and rejected, by the court in plaintiff's motion to compel dated March 12, 2012 (Dkt. No. 94 at 33-40). In addition, interrogatories numbered 13 and 17 in plaintiff's most recent set of interrogatories (Dkt. No. 134, Attach. 1 at 33-40; Dkt. No. 135, Attach. 1 at 21-28) are identical to, or make the same demand as, plaintiff's request for admissions numbered 3 and 12, respectively, which were previously considered, and rejected, by the court in plaintiff's motion to compel dated March 12, 2012 (Dkt. No. 94 at 25-29).

[5] Interrogatory number 4 of plaintiff's re-served interrogatories, for example, seeks information concerning defendants' anticipated trial witnesses. Interrogatory number 5, in turn, requests information regarding any expert witnesses to be called by the defendants to testify at trial. Plaintiff is obviously entitled at some appropriate point to this information. The exchange of trial witness information is controlled by Rule 26(a)(3) of the Federal Rules of Civil Procedure, as supplemented by the court's Uniform Pretrial Scheduling Order ("UPSO"). The exchange of information concerning expert retention should already have occurred in this case, as directed by the court's UPSO.

[6] Plaintiff's re-served interrogatories also request a broad range of information concerning cases or complaints in which discrimination and retaliation is alleged against the USPS. It is true that in her complaint, which is comprehensive, plaintiff alleges discrimination on the basis of age and gender, as well as her non-union status, in connection with her employment termination. Amended Complaint (Dkt. No. 9) at ¶ 57. In the court's view, this conclusory allegation is insufficient to support her far-ranging requests for information regarding any "written or oral complaint or charge of any form of retaliation whether formal or informal, external or internal" by any USPS employee against the USPS at any location in the past ten

13

IV. <u>SUMMARY AND ORDER</u>

Discovery in this action, which has been pending for several years, is now closed. By all accounts plaintiff has been provided with considerable information concerning the grounds for her termination and the decision making process that led up to that decision. The court has reviewed plaintiff's latest motion, as well as defendants' responses to interrogatories ordered by the court to be answered, and plaintiff's re-served third set of interrogatories. Based upon the foregoing, with the one exception explained above, the court finds that defendants have complied with the court's expectations and the requirements of the applicable discovery-related provisions of the Federal Rules of Civil Procedure. Accordingly, it is hereby

ORDERED as follows:

1) Within twenty-one days of the date of this order, the defendants shall provide a further supplemental response, under oath, to interrogatory number 1 of plaintiff's third set of requests for admissions, requests for documents and interrogatories (Dkt. No. 92, Attach. 1 at 17;

---

years. Dkt. No. 134, Attach. 1 at 36 (interrogatory number 11). The sheer breadth of such a request presents the prototypical circumstance in which the court can, and should, invoke the rule of proportionality set forth in Rule 26(b)(2)(C)(iii) Federal Rules of Civil Procedure.

Dkt. No. 134, Attach. 1 at 20; Dkt. No. 135, Attach. 1 at 3), and specifically shall list all individuals who participated in any way in the decision to issue a notice of removal of plaintiff from her position with the USPS.

2) With this exception, plaintiff's motion to compel discovery (Dkt. No. 134) is DENIED.

3) The clerk is respectfully directed to modify the court's records to reflect the addition of Patrick R. Donahoe as an additional defendant, in his capacity as United States Postmaster General, leaving John E. Potter as a defendant in his individual capacity only.

4) No costs or attorney's fees are awarded to any party in connection with plaintiff's motion.

5) The parties are hereby advised that an appeal may be taken from this ruling to Senior District Judge Thomas J. McAvoy. Any such appeal must be filed within fourteen days from the date of service of this order.

Dated: October 12, 2012
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge